THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Oshaun J.
 Robinson, Appellant.
 
 
 

Appeal From Greenville County
 C. Victor Pyle, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-042
 Submitted December 1, 2011  Filed January
25, 2012    

AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Deborah R.J. Shupe, all of Columbia;
 and Solicitor W. Walter Wilkins, III, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Oshaun
 J. Robinson appeals his convictions for armed robbery, possession of a weapon
 during the commission of a violent crime, conspiracy, and assault and battery of
 a high and aggravated nature.  He argues the trial court committed
 reversible error in precluding him from cross-examining a witness for the State
 regarding the sentence he received for charges arising from the same incident. 
 We affirm.[1]
The Confrontation
 Clause of the Sixth Amendment of the United States Constitution provides: 
 "In all criminal prosecutions, the accused shall enjoy the right . . . to
 be confronted with the witnesses against him."  This encompasses the right
 to "meaningful cross-examination of adverse witnesses[,]" including
 the right to cross-examine a witness concerning bias.  State v. Graham,
 314 S.C. 383, 385, 444 S.E.2d 525, 527 (1994).  This right to cross-examination
 entails the "right to cross-examine any State's witness as to possible
 sentences faced when there exists a substantial possibility the witness would
 give biased testimony in an effort to have the solicitor highlight to a future
 court how the witness cooperated in the instant case."  State v.
 Gillian, 360 S.C. 433, 454, 602 S.E.2d 62, 73 (Ct. App. 2004), aff'd as
 modified by State v. Gillian, 373 S.C. 601, 646 S.E.2d 872 (2007)
 (internal quotation marks and alterations omitted).  "A criminal defendant
 states a violation of the Confrontation Clause by showing that he was
 prohibited from engaging in otherwise appropriate cross-examination
 designed to show a prototypical form of bias on the part of the witness . . .
 ."  Graham, 314 S.C. at 385, 444 S.E.2d at 527 (quoting Delaware
 v. Van Arsdall, 475 U.S. 673, 680 (1986)).  

 The Confrontation Clause does not, however, prevent a trial
 [court] from imposing any limits on defense counsel's inquiry into the
 potential bias of a prosecution witness.  On the contrary, trial [courts]
 retain wide latitude insofar as the Confrontation Clause is concerned to impose
 reasonable limits on such cross-examination based on concerns about, among
 other things, harassment, prejudice, confusion of the issues, witness' safety,
 or interrogation that is repetitive or only marginally relevant. 

Id. (quoting Van Arsdall, 475 U.S. at
 679).        
"A violation
 of the defendant's Sixth Amendment right to confront the witness is not per se
 reversible error if the error was harmless beyond a reasonable doubt."  State
 v. Gillian, 360 S.C. 433, 454, 602 S.E.2d 62, 73 (Ct. App. 2004) (internal
 quotation marks and emphasis omitted).  "Harmless beyond a reasonable
 doubt means the reviewing court can conclude the error did not contribute to
 the verdict beyond a reasonable doubt."  Id. at 455, 602 S.E.2d at
 74 (internal quotation marks omitted).

 Whether an error is harmless depends on the particular facts of
 each case and upon a host of factors, including:
 the importance of the witness' testimony in the prosecution's
 case, whether the testimony was cumulative, the presence or absence of evidence
 corroborating or contradicting the testimony of the witness on material points,
 the extent of cross-examination otherwise permitted, and of course the overall
 strength of the prosecution's case.

Id. at 455, 602 S.E.2d at 73-74 (quoting State
 v. Mizzell, 349 S.C. 326, 333, 563 S.E.2d 315, 318-19 (2002)).   
Here, although the trial
 court precluded Robinson from cross-examining a witness for the State regarding
 the specific sentence he received for charges arising from the same incident,
 the court allowed extensive cross-examination of the witness regarding every
 other aspect of potential bias arising from his cooperation with the State. 
 Accordingly, we find that, to the extent the trial court erred by precluding
 evidence of the witness's specific sentence, the error was harmless because
 such evidence was cumulative and could not reasonably have affected the result
 of the trial.        
AFFIRMED.
SHORT, WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.